CLERK'S OFFICE
A TRUE COPY
Sep 20, 2023
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

for the
Eastern District of Wisconsin

In the Matter of the Search of:

The Cellular Telephone Assigned Call Number 469-755-4568

)
)
)
)
)
)

Case No. _____

23-M-456 (SCD)

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property over which the Court has jurisdiction pursuant to Title 18, United States Code, Sections 2703 and 2711:

See Attachment A

I find that the affidavit(s) or any recorded testimony, establish probable cause to search and seize the person or property described above and that such search will reveal:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant ON OR BEFORE ____10-4-23_____ (*not to exceed 14 days*)
☐ in the daytime between 6:00 a.m. and 10:00 p.m.   ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Hon. Stephen C. Dries_____.
*(United States Magistrate Judge)*

☒ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for _30_ days (not to exceed 30)     ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: ____9-20-23.  2:50 pm_____     _____
*Judge's signature*

City and State: __Milwaukee, Wisconsin_____     Stephen C. Dries, U.S. Magistrate Judge
*Printed Name and Title*

**Return**

| Case No: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| | | |

Inventory made in the presence of:

Inventory of the property taken and/or name of any person(s) seized:

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the undersigned judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A**
**Property to Be Searched**

1.     Records and information associated with the cellular device assigned 469-755-4568 (referred to herein and in Attachment B as "TARGET CELL PHONE"), with listed subscriber Geovany ALVAREZ that is in the custody or control of AT&T (referred to herein and in Attachment B as the "Provider"), headquartered at 11760 US Hwy 1 North Palm Beach, FL 33408.

2.     The TARGET CELL PHONE.

**ATTACHMENT B**
**Particular Things to be Seized**

**I.  Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider, the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

a. The following historical information about the TARGET CELL PHONE for the time period January 1, 2023 to the date the warrant is signed:

   i. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the TARGET CELL PHONE, including:

     A. The date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

     B. Information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received).

   ii. Information associated with each communication to and from the TARGET CELL PHONE for a period of 30 days from the date of this warrant, including:

     a. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

     b. Source and destination telephone numbers;

     c. Date, time, and duration of communication; and

     d. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the TARGET CELL PHONE will connect at the beginning and end of each communication.

   iii. Information about the location of the Target Cell Phone for a period of 30 days, during all times of day and night.  This includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information.

2

a. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

b. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

3

CLERK'S OFFICE
A TRUE COPY
Sep 20, 2023
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

for the
Eastern District of Wisconsin

In the Matter of the Search of:

The Cellular Telephone Assigned Call Number 469-755-4568

)
)
)
)
)
)

Case No. 23-M-456 (SCD)
_____

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

See Attachment A

over which the Court has jurisdiction pursuant to Title 18, United States Code, Sections 2703 and 2711, there is now concealed:

See Attachment B

The basis for the search under Fed. R. Crim P. 41(c) is:

☒ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of:
Title 18 U.S.C. Sections 511(a) (altering or removing motor vehicle identification numbers); 2312 (interstate transportation of stolen vehicles); 2321 (Buying or selling motor vehicles with altered vehicle identification numbers); and 371 (conspiracy)

The application is based on these facts: See attached affidavit.

☒ Delayed notice of ____30____ days (give exact ending date if more than 30 days:_____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Zachary J. Corey, Assistant U.S. Attorney
*Printed name and title*

Both applicant and affiant were

Sworn to before me telephonically:

Date: __9-20-23_____

_____
*Judge's signature*

City and State: Milwaukee, Wisconsin          Stephen C. Dries, U.S. Magistrate Judge
*Printed Name and Title*

# AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Nick Stachula, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 469-755-4568 ("TARGET CELL PHONE"), with listed subscriber Geovany ALVAREZ, whose service provider is AT&T ("Service Provider"), a wireless telephone service provider headquartered at 11760 US Hwy 1 North Palm Beach, FL 33408.  The TARGET CELL PHONE is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.      Even though this warrant application seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," ("PRTT") *see* 18 U.S.C. § 3127(3) & (4), I will not also make this affidavit in support of a PRTT application for the Target Cell Phone.  I will not do so now because on August 24, 2023, United States Magistrate Judge William Duffin authorized a Pen Register / Trap and Trace (PRTT) for the TARGET CELL PHONE for 60 days. The order was sent to AT&T and data has been obtained indicating the cellular device is being utilized to place and receive calls.

3.      I am a Detective with the City of West Allis Police Department, assigned to the assigned to the Special Investigations Unit in West Allis, Wisconsin.  I have been employed with West Allis Police Department (WAPD) approximately twenty-four (24) years.  During my employment with WAPD, I worked as a Task Force Officer with the Drug Enforcement

Administration for six (6) years and was assigned to Group 68 Drug Gang Task Force. I have been a sworn State of Wisconsin law enforcement officer specifically investigating crimes involving narcotics, firearms, smuggling, prostitution, fraud/theft offenses and violent crimes as a Detective and/or Task Force Officer since 2011. Throughout my law enforcement career, I have received training in general law enforcement and in specialized areas including narcotics, firearms, and violent crimes.

4.      As part of my duties as a Detective and/or Task Force Officer, I have experience conducting criminal investigations involving narcotics, firearms, gangs, violent crimes, theft/fraud and smuggling and have participated in the execution of search warrants in such investigations. I am familiar with various methods of smuggling, trafficking narcotics, theft/fraud investigations. I am also familiar with methods used to evade detection of both the controlled substances, theft/fraud investigations and the proceeds from their sale that are used by drug traffickers and suspects involved in theft/fraud.

5.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.  Throughout this affidavit, reference will be made to case agents or investigators. Case agents or investigators are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom I have had contact regarding this investigation.

6.      Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Sections 511(a) (altering or removing motor vehicle identification numbers); 2312 (interstate transportation of stolen vehicles); 2321 (Buying or

2

selling motor vehicles with altered vehicle identification numbers); and 371 (conspiracy to commit those offenses) have been committed, are being committed, and will be committed by Geovany ALVAREZ, and others. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations and will lead to the identification of other individuals who are engaged in the commission of these offenses.

7.    The Court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offenses being investigated; *see* 18 U.S.C. § 2711(3)(A)(i).

## **PROBABLE CAUSE**

8.    The United States, including the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), and the WAPD are conducting a criminal investigation of Geovany ALVAREZ and others regarding violations of Title 18, United States Code, Sections 511(a) (altering or removing motor vehicle identification numbers); 2312 (interstate transportation of stolen vehicles); 2321 (buying or selling motor vehicles with altered vehicle identification numbers); and 371 (conspiracy to commit those offenses)

9.    On June 30, 2023, West Allis Police Department was contacted regarding suspected stolen vehicles. Employees of Reo Motors in Milwaukee, Wisconsin believed there were two stolen vehicles at their business, which were being sold by Elite Auto Group at a different location (2048 S. 55th St. West Allis, Wisconsin). Investigators from the West Allis Police Department responded to Reo Motors, 2777 S. 27th St. in Milwaukee, Wisconsin. Investigators observed a black GMC Sierra Denali and a white GMC Sierra Denali parked in the

3

back of the business. Employees of Reo Motors stated the vehicle identification numbers (VIN) on both vehicles were fraudulent and the correct VIN was discovered with the use of a diagnostic tool.

10.     A victim, (E.E.C.), stated he observed a white 2021 GMC Sierra Denali posted for sale by Elite Auto Group on Facebook Marketplace[1]. E.E.C drove to Elite Auto Group on June 29, 2023 and purchased the white GMC Sierra Denali. E.C.C paid $31,000 cash for the vehicle. After the purchase, E.C.C drove the vehicle to Reo Motors for an inspection. A diagnostic tool was connected to the vehicle, which displayed the vehicle year as 2020 and VIN as 3GTU9FELXLG428736, which did not match the visible VIN on the white GMC Denali. The VIN visible on this vehicle is 3GTU9FETXMG388076.  E.E.C was given paperwork for this sale, which listed the address of 2048 S. 55th St. West Allis, WI for "Elite Auto Group" and the salesman's name as "Javier". Attached to this receipt was a business card for "Guzman Zanchez" of Elite Auto Group at 2048 S. 55th St West Allis, WI, and phone 409-363-6713, which also had the same name and logo that is depicted on the door at 2044 S. 55th St. West Allis, WI.  E.E.C stated that he did not consent to being sold a likely stolen vehicle for a loss of $31,000.

11.     A victim, (J.L.V.), stated on June 30, 2023, he observed a black 2021 GMC Sierra Denali posted for sale by Elite Auto Group on Facebook Marketplace. The vehicle was located at 2048 S. 55 St. West Allis, WI. J.L.V. had Facebook Messenger conversations with "Fernando Rivera" (Facebook account 100093623671652) and "Alejandro Gonzales" (Facebook account 100093439372506), about the vehicle. J.L.V. drove to the business on June 30th, 2023.

---

[1] Facebook Marketplace is a section of Facebook, a social media application, that allows for the advertisement of merchandise and services. Facebook members can advertise and view advertisements. Facebook allows for communication between members to arrange for the sale/purchase of merchandise and services.

J.L.V. gave an employee his identification card and took the black 2021 GMC Sierra Denali for a test drive. J.L.V drove the vehicle to Reo Motors for an inspection. A diagnostic tool was connected to the vehicle and the VIN, 3GTU9FEL5MG458275, did not match the visible VIN on the vehicle. The VIN visible on this vehicle is 3GTU9FEL8MG102435. An employee of Reo Motors ordered a CarFax report for the VIN displayed on the diagnostic tool, which indicated the VIN was reported stolen.

12. J.L.V observed several other newer trucks for sale inside the business 2048 S. 55 St. West Allis, WI. He was told by an Elite Auto Group employee that more vehicles would be coming on Monday, July 3, 2023.

13. Both the white GMC Sierra Denali and black GMA Sierra Denali were towed to the City of West Allis Police Department for further investigation. On July 3, 2023, further investigation was conducted into the recovered stolen vehicles. The White 2020 GMC Sierra 1500 Denali, VIN 3GTU9FELXLG428736, was reported stolen on June 1, 2023 and documented by the Houston Police Department, case 077925523. Upon scanning the key fob, the vehicle was identified as having LG428736 as the last eight digits in the VIN. GMC service staff additionally confirmed the vehicle as having VIN 3GTU9FELXLG428736 using their diagnostic computer. Upon removing the front drivers side wheel well, the following numbers were located on the engine block L87*TLG428736*. The Black GMC Black 2021 GMC Sierra Denali, VIN 3GTU9FEL5MG458275, was reported stolen on June 22, 2023 and documented by the Houston Police Department, case 088896223. Upon removing the front driver's side wheel well, the following numbers were located on the engine block L87*TMG458275*. Upon a search of the Black GMC Black 2021 GMC Sierra Denali VIN 3GTU9FEL5MG458275 the following evidence was located: wheel lock packaging that showed VIN#MG458275, State of Texas

5

buyers tag receipt with date of sale 11/30/21, State Farm Insurance information for the 2021 GMC VIN 3GTU9FEL5MG458275.

14.     On July 5, 2023, a State of Wisconsin search warrant was executed at 2044/2048 S. 55th Street West Allis, WI. No employees or vehicles were located, and the business appeared to have been abruptly vacated. Various items related to vehicles were recovered.  Further the following specific items were recovered:

- A luggage tag indicating Milwaukee DL 2970 MKE KIAH05 18Jun / DL 0635 ATL Bag Fee Paid 8006322233 listing to ALVAREZ/GEOVANYM # HNQHFO;

- Elite Auto Group business card for Guzman Zanchez, 409-363-6713, gusmanpereida549@gmail.com, 2048 S. 55th St. West Allis 53218;

- Bank envelopes, money bands, and plastic baggies labeled in large denominations.

15.     On July 5, 2023, contact was made with a witness (O.C.), who on June 20, 2023, subleased 2044/2048 S. 55th St. West Allis, WI to a group of Hispanic males for $3,500. O.C. met three males and was provided Mexico passport G28334007, which identified one of the males as Guzman PEREIDA SANCHEZ and an Elite Auto Group business card with phone 409-363-6713, and phone 409-344-6963. O.C. had taken a photo of the passport for leasing records.

16.     Law enforcement databases had no record for Guzman PEREIDA SANCHEZ's identity or Mexico passport G28334007. Geovany Mendez ALVAREZ, with a date of birth 12/05/2001 and U.S. passport 646630005, was identified through law enforcement databases as a

name match to the airline baggage tag recovered at Elite Auto Group. Photographs of Geovany ALVAREZ and Guzman PEREIDA SANCHEZ appeared to be the same person.

17.     O.C. viewed the photograph of Geovany ALVAREZ and confirmed this was the person he believed to be Guzman PEREIDA SANCHEZ, who leased 2044/2048 S. 55th St. West Allis, WI on June 20, 2023.

18.     On July 6, 2023, investigators learned of another victim, ("S.S."), who purchased a red 2021 GMC Sierra Denali 1500, VIN 3GTU9FEL4MG162406, from Elite Auto Group. This vehicle was stolen from Houston, TX on June 12, 2023, and displayed a fraudulent VIN. S.S. advised that over $30,000 cash was paid for this vehicle.

19.     On July 7, 2023, investigators learned of another victim, ("J.S."), who purchased a Chevrolet Silverado, VIN 3GCPYFED6LG417743, from Elite Auto Group. This vehicle was stolen from Dallas, TX on January 24, 2023, and displayed a fraudulent VIN and paperwork. J.S. paid $35,000 for the vehicle, which came with Texas title. J.S. identified an employee named "Javi Santos" with phone 346-755-4026 and was given a business card for Guzman ZANCHEZ with phone 409-363-6713. On July 7, 2023, J.S. called 409-363-6713 and a Hispanic male answered but claimed not to speak English and hung up.

20.     On July 7, 2023, a witness ("I.E.G"), viewed a photo array, which included a photograph of Geovany ALVAREZ. I.E.G. identified Geovany ALVAREZ as the person who sold E.E.C a vehicle on July 29, 2023 that was later determined to be stolen.

21.     Video surveillance from General Mitchell International Airport regarding Delta Airlines flight 2970 from June 19th, 2023 shows Geovany ALVAREZ and an unidentified male

exit the gate and proceed to a baggage carousel, where Geovany ALVAREZ and the unidentified male collect luggage. Geovany ALVAREZ and the unidentified male exit the airport building and wait for a ride. The unidentified male appeared to be a person photographed at Elite Auto Group by a victim. The photograph depicted the unidentified male wearing the same grey designer tennis shoes.

22. Delta Airlines responded to Grand Jury subpoenas and provided records for flight 2970 from June 18, 2023 and passenger information. The itinerary passenger records listed Geovany ALVAREZ and identified his travel companion as Jesus ARRIAGA. This was determined as they shared confirmation HNQHFO, had adjacent seats, and had sequential ticket numbers. Passenger information for Geovany ALVAREZ included a phone of 469-755-4568 ("TARGET CELL PHONE"), and email spoolyboy@icloud.com.

23. An investigation in North Carolina involved the fraudulent sale of stolen motor vehicles during March 2023. During this investigation 10 stolen vehicles were recovered from victims. Platinum Zen Motors, an involved business, and a suspect were identified from security video. Grand Prairie (Texas) Police Detective Michael Randall reviewed the security video and identified the suspect as Carlos ALVAREZ, whom he had previously arrested and interviewed.

24. An investigation conducted by the Nebraska Motor Vehicle Fraud Unit identified 16 stolen vehicles sold between April 30, 2023 and May 8, 2023, for a total loss of $503,500. This investigation also involved Mexico passport G28334007 for Guzman PEREIDA SANCHEZ. Proceeds from the fraudulent sale of stolen vehicles were deposited into a Bank of America account for Platinum Zen Motors. Security videos captured Geovany ALVAREZ, Jesus

8

ARRIAGA, and others conducting transactions involving the Bank of America account for Platinum Zen Motors.

25.     Geovany ALVAREZ is the son of Carlos A. ALVAREZ. Carlos A. ALVAREZ has been arrested for similar offenses involving stolen vehicles and VIN fraud in the State of Texas and the State of Georgia. In May 2023, Carlos ALVAREZ was arrested by the Pottawattamie County (Iowa) Sheriff's Office. Geovany ALVAREZ visited Carlos ALVAREZ while he was incarcerated at the Pottawattamie County Jail. Prior to the visit, Geovany ALVAREZ provided his Texas identification, phone 469-755-4568 ("TARGET CELL PHONE"), and email spoolyboy@icloud.com to the Pottawattamie County Sheriff's Office.

26.     AT&T responded to a Grand Jury subpoena and provided records for 469-755-4568 ("TARGET CELL PHONE"). The records identified the account holder, since August 13, 2020, as Geovany M. ALVAREZ of 509 Hinton St. Grand Prairie, TX 75050. The email spoolyboy@icloud.com was also associated with the account. A mobile device with IMEI 352114958455415 was associated with the TARGET CELL PHONE. An account invoice was recently paid on August 9, 2023.

27.     In my training and experience, I have learned that the Service Provider is a company that provides cellular communications service to the general public. I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the cellular devices to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. These towers are often a half-

9

mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate general location of the cellular device.

### Cell-Site Data

28.     Based on my training and experience, I know that the Service Provider can collect cell-site data on a prospective basis about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as the Service Provider typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

### E-911 Phase II / GPS Location Data

29.     I know that some providers of cellular telephone service have technical capabilities that allow them to collect and generate E-911 Phase II data, also known as GPS data or latitude-longitude data. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. As discussed above, cell-site data identifies the "cell towers" (i.e., antenna towers covering specific

10

geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data. Based on my training and experience, I know that the Service Provider can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on the Service Provider's network or with such other reference points as may be reasonably available.

## AUTHORIZATION REQUEST

30.    Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

31.    I further request that the Court direct the Service Provider to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.

32.    I also request that the Court direct the Service Provider to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with the Service Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Service Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate the Service Provider for reasonable expenses incurred in furnishing such facilities or assistance.

11

33.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

34.     Because the warrant will be served on the Service Provider, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.  I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

## ATTACHMENT A
### Property to Be Searched

1.     Records and information associated with the cellular device assigned 469-755-4568 (referred to herein and in Attachment B as "TARGET CELL PHONE"), with listed subscriber Geovany ALVAREZ that is in the custody or control of AT&T (referred to herein and in Attachment B as the "Provider"), headquartered at 11760 US Hwy 1 North Palm Beach, FL 33408.

2.     The TARGET CELL PHONE.

**ATTACHMENT B**
**Particular Things to be Seized**

**I. Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider, the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

a. The following historical information about the TARGET CELL PHONE for the time period January 1, 2023 to the date the warrant is signed:

  i. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the TARGET CELL PHONE, including:

  A. The date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

  B. Information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received).

  ii. Information associated with each communication to and from the TARGET CELL PHONE for a period of 30 days from the date of this warrant, including:

  a. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

  b. Source and destination telephone numbers;

  c. Date, time, and duration of communication; and

  d. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the TARGET CELL PHONE will connect at the beginning and end of each communication.

  iii. Information about the location of the Target Cell Phone for a period of 30 days, during all times of day and night. This includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information.

2

a. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

b. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

3